UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE SMART,

        Plaintiff,

    v.                                  Case No. 24-cv-1225-bhl

STEVEN JOHNSON and
CHAPLAIN WALLACE,

        Defendants.

## SCREENING ORDER

Plaintiff Jose Smart, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility (MSDF) and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Smart's motion for leave to proceed without prepaying the full filing fee and for the screening of his complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Smart has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Smart has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $19.12. Smart's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

<h2 style="text-align:center">ALLEGATIONS OF THE COMPLAINT</h2>

According to Smart, sweat lodge is an important part of his religion, yet Defendants have refused to allow this ceremony at MSDF even though ceremonies that are important to other religions are allowed. Further, Warden Steven Johnson and Chaplain Wallace recently changed the "pipe and drum" services by requiring each person to buy his own smoke pipe. Smart explains that a native pipe is sacred and "should have traveled and carr[ied] many spirits." He states that not everyone can own a pipe and "it is a lot of responsibility for one to be the handler of a pipe." According to Smart, their new requirement is disrespectful and no common ground can be found because only a spiritual leader or medicine-man may hold or control the pipe.

<h2 style="text-align:center">THE COURT'S ANALYSIS</h2>

This case arises under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc, *et seq*., the First Amendment, and the Fourteenth Amendment. The Court will address each in turn.

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." §2000cc–1(a); *Holt v. Hobbs*, 574 U.S. 352, 357–58 (2015). With this standard in mind, the Court will allow Smart to proceed on a RLUIPA claim based on allegations that Warden Johnson and Chaplain Wallace

refuse to allow sweat lodge ceremonies and have begun to require each inmate participating in the pipe and drum ceremonies to purchase their own peace pipes.

Smart also invokes his rights under the Free Exercise Clause of the First Amendment. The Free Exercise Clause prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). When "a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" *O'Lone v. Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). This "reasonableness test" is "less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights," in recognition that "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives." *O'Lone*, 482 U.S. at 349-350 (citations omitted). With this standard in mind, the Court will allow Smart to proceed on a First Amendment claim against Warden Johnson and Chaplain Wallace for the same reasons he was allowed to proceed under RLUIPA.

Finally, Smart also claims a violation of his Fourteenth Amendment Equal Protection rights. To state a claim of discrimination under the Equal Protection Clause, a plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citation omitted). Smart may proceed on a claim under the Equal Protection Clause based on his allegations that Warden Johnson and Chaplain Wallace treat other religions more favorably by allowing them to participate in ceremonies and services and to share items necessary for the practice of their religion.

4

**IT IS THEREFORE ORDERED** that Smart's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Smart's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Warden Steven Johnson and Chaplain Wallace.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Warden Steven Johnson and Chaplain Wallace shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Smart is located.

**IT IS FURTHER ORDERED** that the agency having custody of Smart shall collect from his institution trust account the $330.88 balance of the filing fee by collecting monthly payments from Smart's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Smart is transferred to another institution, the transferring institution shall forward a copy of this Order along with Smart's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

5

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Smart is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Smart may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on March 6, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6