UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE SMART,

                              Plaintiff,

v.                                                                                     Case No. 24-cv-1225-bhl

STEVEN JOHNSON et al.,

                              Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jose Smart, who was incarcerated when he brought this action but has since been released, is representing himself in this 42 U.S.C. §1983 case. Smart alleges that Defendants violated his rights under the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by not having Native American sweat lodge ceremonies at the Milwaukee Secure Detention Facility and by requiring participants in pipe and drum ceremonies to buy their own smoke pipe. Smart also alleges Defendants violated his Fourteenth Amendment equal protection rights by treating other religions more favorably than Native American religions.

On July 21, 2025, Defendants filed a motion for partial summary judgment on the ground that Smart failed to exhaust the available administrative remedies on his Fourteenth Amendment equal protection claim before he filed this lawsuit. Dkt. No. 21. On July 22, 2025, the Court notified Smart that his response materials were due by August 20, 2025. A few weeks later, on August 13, 2025, Smart informed the Court that he was being released from custody. He stated that he would be homeless but would keep the Court updated. Smart has not informed the Court or Defendants of how they may contact him. Smart also did not timely respond to Defendants'

motion for partial summary judgment. Accordingly, as Smart was warned, the Court will assume all facts asserted by Defendants are undisputed and will decide the motion without his input. *See* Civil L. R. 56(b)(4).

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Smart was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438

2

F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment on Smart's Fourteenth Amendment equal protection claim. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Smart's failure to respond, the Court finds that, although Smart's inmate complaints provided notice to the prison of his concerns about the lack of sweat lodge ceremonies and the elimination of passing a congregate pipe during ceremonies, his inmate complaints did not provide notice regarding his concerns that Native American religions were treated worse than other religions. Accordingly, the Court concludes that Smart did not exhaust the administrative remedies and Defendants are entitled to summary judgment on this claim. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (explaining that, although an inmate "need not lay out the facts, articulate legal theories, or demand particular relief," the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought").

Finally, it is unclear whether Smart is still interested in litigating this case now that he has been released from prison. The Court has repeatedly notified Smart that the Court and the Defendants need to be able to communicate with him. Neither the Court nor Defendants can communicate with him as necessary to resolve this case if Smart does not provide an address at which he can receive mail. The Court is sympathetic to the challenges Smart faces, but those challenges do not relieve him of his obligation to diligently prosecute this case. If he believes it necessary, Smart may move to stay this case until he has an address at which he can receive mail or he may move to voluntarily dismiss this action since his concerns about practicing his religion

3

are no longer an issue. But he may *not* simply ignore the lawsuit he has filed by disappearing and leaving the Court and Defendants to wonder when, if ever, he will show up and be ready to resume litigating this action.

Smart must therefore inform the Court how he would like to proceed by **September 26, 2025**. If Smart does not update the Court of either his whereabouts or his intentions for litigating this case, the Court will assume he no longer wants to pursue this action and will dismiss it based on his failure to comply with the Court's order and based on his failure to diligently prosecute this action. *See Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020); *see In re Ericson*, 175 F. App'x 58, 60 (7th Cir. 2006) (holding that the burden falls upon the litigant to maintain communication with the court); Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment based on Smart's failure to exhaust the administrative remedies (Dkt. No. 21) is **GRANTED** and that Smart's Fourteenth Amendment equal protection claim is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Smart must update the Court regarding how he wants to proceed by **September 26, 2025**. If he does not, the Court will dismiss this case based on Smart's failure to comply with the Court's order and based on his failure to diligently prosecute this case.

Dated at Milwaukee, Wisconsin on September 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
