UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE SMART,

                      Plaintiff,

v.                                                                                           Case No. 24-cv-1225-bhl

STEVEN JOHNSON et al.,

                      Defendants.

---

## DECISION AND ORDER

---

Plaintiff Jose Smart, who is incarcerated at the Milwaukee Secure Detention Facility, is representing himself in this 42 U.S.C. §1983 case, in which he alleges that Defendants violated his rights under the First Amendment free exercise clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by not having Native American sweat lodge ceremonies and by requiring participants in pipe and drum ceremonies to buy their own smoke pipe. On January 8, 2026, Defendants moved for summary judgment on the ground that Smart failed to exhaust the available administrative remedies before he filed this lawsuit. Dkt. No. 38. The Court notified Smart that his response materials were due by February 9, 2026. The Court warned Smart that if he did not respond by the deadline, the Court would accept all facts asserted by Defendants as true and would decide the motion without his input. *See* Civil L. R. 56(b)(4). The deadline passed, and Smart did not respond to the motions.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Smart's failure to respond, the Court finds that Smart did not complete the grievance process before he filed this lawsuit. *See* Dkt. No. 40 at ¶¶6, 11. Accordingly, Defendants are entitled to summary judgment, and this action must be dismissed without prejudice. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks

discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.")

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment based on Smart's failure to exhaust the administrative remedies (Dkt. No. 38) is **GRANTED**, and this action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of February, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.